SALLY J. ELKINGTON SBN 142619
JAMES A. SHEPHERD SBN 264400
**ELKINGTON SHEPHERD LLP**
409 - 13th Street, 10th Floor
Oakland, California 94612
tel (510) 465-0404
fax (510) 465-0202
email: jim@elkshep.com

Attorneys for Plaintiff
AMY TODD VAN NOSTRAND

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| In re | ) |
| | ) |
| AMY TODD VAN NOSTRAND, | ) Case. No. 15-41080 WJL |
| | ) Chapter 7 |
| Debtor. | ) |
| _____ | ) |
| | ) |
| AMY TODD VAN NOSTRAND, | ) |
| | ) Adversary Proceeding |
| Plaintiff, | ) No. 19-_____ |
| | ) |
| v. | ) |
| | ) **COMPLAINT TO DETERMINE** |
| REGENTS OF THE UNIVERSITY OF | ) **DISCHARGEABILITY OF** |
| CALIFORNIA, | ) **EDUCATIONAL LOANS UNDER** |
| | ) **11 USC § 523(a)(8)** |
| Defendant. | ) |
| | ) |
| _____ | ) |

Plaintiff and debtor Amy Todd Van Nostrand (hereinafter "Plaintiff") presents this

Complaint against The Regents of the University of California (hereinafter "Defendant"),

seeking  determination that to require Plaintiff to repay her student loan obligation to Defendant

would impose an undue hardship on Plaintiff and her dependent and that the same are

discharged under 11 USC § 523(a)(8).

I. PARTIES

1.  Plaintiff is an individual and the debtor in that certain bankruptcy case, bearing

Case No. 15-41080 WJL, that has been reopened (see Ch. 7 Dkt No. 22) and is pending before

in this court under Chapter 7 of the United States Bankruptcy Code, 11 USC §§ 101 *et seq.*

(hereinafter the "Chapter 7 Case"). The Chapter 7 case was filed on April 3, 2015, and resulted

in debtor receiving a general discharge on September 4, 2015, including approximately $3500 in unpaid medical bills for Plaintiff's minor daughter.

2.     Defendant is the governing body for the various branches of the University of California, including the University of California at Berkeley ("UC Berkeley").

## II. JURISDICTION AND VENUE

3.     This adversary proceeding arises in and under the Chapter 7 Case.

4.     This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157 and  28 U.S.C. § 1334.

5.     This is a core proceeding as defined in 28 U.S.C. § 157(b), including under 11 USC § 157(b)(2)(I).

6.     This Complaint is brought under 11 U.S.C. § 523(a)(8).

7.     Venue properly lies in this judicial district pursuant to 28 U.S.C. §1409 (a) as the present adversary proceeding is related to and arising from and in the Chapter 7 Case.

## III. RELEVANT FACTS

**A.     Plaintiff's Educational Debt**

8.     Plaintiff had educational debts in the Chapter 7 Case owed to various lenders including Defendant in the total amount of approximately $150,000. On March 31, 2016, Plaintiff commenced an adversary proceeding in this court encaptioned *Van Nostrand vs. Navient Solutions, Inc. et al.*, Adv. Pro. No. 16-04024 WJL, seeking to discharge her student loans under 11 USC § 523(a)(8) (the "2016 A.P."). Defendant was not included as a defendant in the 2016 A.P. due to Plaintiff's and her undersigned counsel's unawareness that Defendant's loan was not included among the debt she owed to any of the other lender-defendants therein.

9.     All defendants in the 2016 A.P. either stipulated to dischargeability under 11 USC § 523(a)(8) (2016 A.P. Dkt Nos. 14, 20) or were dismissed as a party by stipulation (2016 A.P.  No. 23).

10.     The 2016 A.P. was closed on February 24, 2017 and the underlying Chapter 7 case was closed on March 9, 2017. Plaintiff subsequently learned that Defendant's loan had not been included in the 2016 A.P.

Case: 19-04018    Doc# 1    Filed: 03/31/19    Entered: 03/31/19 09:45:09    Page 2 of 5

11.     Based on a December 18, 2018 collection letter from Coast Professional, Inc. on behalf of Defendant, Plaintiff's balance due under the subject loan is $7,402.96. A true copy of this letter is attached hereto as **EXHIBIT A**.

12.     Plaintiff incurred a series of Perkins loans from Defendant during the period of 2003-2007 in the total aggregate principle amount of $4721.00 to help pay for her graduate education and related expenses at UC Berkeley, from which she graduated with an M.A. in 2007 (hereinafter, the "Loans").

13.     At the time she incurred the obligation(s) to Defendant, Plaintiff had no other educational debt, having previously repaid approximately $7,000 in education debt incurred for her undergraduate education.

**B.     Plaintiff's Post-Graduate Employment**

14.     From 2008 through mid-2009, plaintiff was employed as an Architectural Designer/Project Manager at Alhorn Hooven, a design/build firm.

15.     After leaving Alhorn Hooven, Plaintiff cashed our her retirement account, netting approximately $21,000 to pay living expenses and debt, including student loan debt.

16.     From late-2009 through mid-2011, Plaintiff was unemployed and was receiving benefits under the Supplemental Nutrition Assistance Program (hereinafter "SNAP") for several months. She continued making payments on certain education debt obligations during this period including, on information and belief, the Loans.

17.     From mid-2011 through mid-2013, Plaintiff was employed by Sungevity, a solar services provider, as a Quality Assurance Engineer in Software Development. She continued making payments on certain education debt obligations during this period including, on information and belief, the Loans.

**C.     Birth and Subsequent and Ongoing Care of Plaintiff's Daughter**

18.     On June 13, 2012, Plaintiff's first and only child, a daughter, was born was severe birth defects later diagnosed as the classical/profound form of Cornelia de Lange Syndrome (hereinafter "CdLS"), a severe, debilitating and chronic medical condition described in the website http://www.cdlsusa.org. Plaintiff's daughter's condition includes a deformed brain stem

Case: 19-04018    Doc# 1    Filed: 03/31/19    Entered: 03/31/19 09:45:09    Page 3 of 5

and C1/C2 vertebrate which causes, among other serious health issues, problems with controlling involuntary bodily functions such as breathing, swallowing and gagging, accompanied by frequent, serious seizures that may require upper spinal/brain surgery.

19.    Because of her CdLS, Plaintiff's daughter suffers from chronic, irreversible near-blindness and deafness, severe gastro-intestinal issues, reduced ability to fight infections, recurrences of pneumonia and profoundly impaired mental ability and development and related medical problems, necessitating extensive and expensive medical care and treatment, some of which is not covered by Medi-Cal or other insurance.

20.    Plaintiff's daughter's prognosis is that her CdLS is a lifelong and life threatening, including permanent moderate-to-severe intellectual disabilities and impairment of basic functioning, including limited mobility, incontinence, inability to self-feed, bathe or dress. She is expected never to be able to speak or use any full language.

21.    As CdLS sufferers age, they are prone to aggressive, violent and self-destructive behaviors, can expect a slightly reduced life span and require full-time care and support throughout their lives.

22.    From the time of the birth in 2012 through the present time, Plaintiff has been her daughter's sole care-giver, which amounts to a full-time job.

23.    Plaintiff's daughter's father has provided minimal monetary support and no physical care for Plaintiff's daughter since her birth through the present, a situation that Plaintiff expects not to change. No other family member is willing or able to assist Plaintiff monetarily.

**D.    Plaintiff's Income/Budget and Prospects**

24.    Plaintiff's daughter qualified for Medi-Cal benefits as of September 2013 so that, since that time, certain of her medical needs have been covered and paid for. Her daughter has been receiving Supplemental Security Income (SSI) through the Social Security Administration since July 2014, and also received SNAP benefits from late 2013 thru early 2015.

25.    Plaintiff was accepted into the State of California's In-Home Supportive Services Program (hereinafter "IHSS") in February 2015.

26.    Since February 2015, Plaintiff has received IHSS benefits in the maximum

- 4 -

allowable amount, currently $4100 per month, plus, on behalf of her daughter, $836 per month in SSI benefits. Plaintiff and her daughter have no other income.

27.     Plaintiff needs to live in the Bay Area, relatively close to her daughter's doctors. As a result Plaintiff's rent is $3000 per month. She is in the process of obtaining private therapy for her daughter at a cost of $300 per month. Accordingly, her already very tight budget will be even tighter going forward.

28.     Plaintiff expects that because she will be her daughter's sole caregiver full-time for the foreseeable future and indeed throughout her daughter's life, she will be unable to earn sufficient income to repay the Loans. She does not expect her income to significantly increase or her expenses to significantly decrease, in the foreseeable future.

## IV. FIRST CAUSE OF ACTION

## DISCHARGE UNDER 11 U.S.C. § 523(a)(8)

29.     Reserving all rights to challenge the validity, enforceability and amount of the Loans, Plaintiff is indebted to the Defendant in the approximate total amount of $7,402.96.

30.     Requiring Plaintiff to repay the Loans would impose undue hardship on Plaintiff and her daughter, a dependent, as contemplated under 11 USC § 523(a)(8).

31.     Based upon Plaintiff's current and projected income and expenses and her daughter's severe, chronic medical issues, Plaintiff cannot maintain a minimum standard of living if required to repay the Loans.

32.     This economic state of affairs is likely to persist for all or a substantial portion of the repayment period of the Loans.

33.     Plaintiff has made a good faith effort to repay the Loans.

## V. PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for entry of a judgment of this court declaring the Loans to be discharged under 11 USC § 523(a)(8) and for such further relief as is just.

Dated: March 31, 2019                                   ELKINGTON SHEPHERD LLP

By: /s/ James A. Shepherd
Attorney for Plaintiff
AMY VAN NOSTRAND

- 5 -
